■ JOHN CRANE, Appellant, v RELIANCE NATIONAL INDEMNITY INSURANCE COMPANY, Respondent, et al., Defendant. [731

NYS2d 375] —Order, Supreme Court, New York County (Herman Cahn, J.), entered September 6, 2000, which, to the extent appealed from as limited by plaintiff's brief, denied plaintiff's motion for summary judgment and granted the cross motion of defendant Reliance National Indemnity Insurance Company for summary judgment dismissing the complaint against it, unanimously modified, on the law, to declare that Reliance National is not obligated to defend or indemnify plaintiff under the subject policy of insurance for loss and/or liability stemming from oil seepage at or from plaintiff's property, and otherwise affirmed, without costs.

Plaintiff seeks a declaration that, pursuant to the terms of the insurance policy issued by Reliance National to him, Reliance National is obligated to defend and indemnify him against liability or loss attributable to seepage from a fuel oil tank located on his property. Fuel oil, however, was correctly held by the motion court to be a pollutant within the meaning and scope of the subject policy's pollution exclusion clause and, accordingly, Reliance National was properly found to be under no obligation to defend and indemnify plaintiff (*see, Tartan Oil Corp. v Clark*, 258 AD2d 457, 458, *lv denied* 94 NY2d 751). We modify only to declare in defendant Reliance National's favor (*see, Lanza v Wagner*, 11 NY2d 317, 334, *cert denied* 371 US 901). Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Saxe, JJ.